IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHADEY BRON MELVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:19-CV-83-ECM |
| | ) | |
| STATE OF ALABAMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

Shadey Bron Melvin filed this 42 U.S.C. § 1983 action in which he challenges actions which occurred at the Coffee County Jail on November 28, 2018.  Doc. 1 at 1–2.  He names the State of Alabama, David Sutton, the Sheriff of Coffee County, and correctional officers Lee Holley and Josh Sullivant as defendants in this case.  Upon  thorough review of the Complaint, the undersigned recommends that Melvin's claims against the State of Alabama be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

**II.  STATE OF ALABAMA**

The law is well-settled that the State of Alabama is absolutely immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State or its agency consents to suit, the plaintiff cannot proceed against the State or any agency thereof as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable.").  There is no consent by the State of Alabama to this suit.  Consequently, any claims lodged against the State are frivolous as such claims are "based on an indisputably

meritless legal theory[,]" *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), and the claims against this defendant are therefore due to be dismissed pursuant to the provisions of 28 U.S.C. §  1915(e)(2)(B)(i).

### III.  CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that:

1.  Plaintiff's claims for relief against the State of Alabama be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as they fail to state a claim on which relief may be granted.

2.  The State of Alabama be dismissed as defendants in this cause of action.

3.  This case, with respect to Plaintiff's claims against David Sutton, Lee Holley and Josh Sullivant, be referred back to the undersigned for appropriate proceedings.

On or before **July 17, 2019**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which his objection is made.   Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party sill fails to object to the

findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 3rd  day of July, 2019.


 /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE